Filed 6/30/14  P. v. Rauls CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B248085 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA399570) |
| v. | |
| DARRELL RAULS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Affirmed.

Darrell Rauls, in pro. per.; and Brandie Devall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Darrell Rauls broke into a car parked inside a residential complex and was found sitting in the driver's seat by a security guard. Rauls fled. He was later arrested, charged with second degree burglary and convicted of that offense following a jury trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Arraignment on the Felony Complaint*

A felony complaint charged Rauls with second degree burglary in violation of Penal Code section 459.[1] After Rauls failed to appear at his July 6, 2012 arraignment, but with sufficient excuse (a "miss-out"), his arraignment was continued.[2] Rauls was not represented by counsel.

On July 20, 2012 Rauls appeared for arraignment on the felony complaint and requested to represent himself. (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562] (*Faretta*)). However, Rauls did not complete the advisement and waiver of right to counsel form (commonly referred to as a *Faretta* waiver). As the trial court observed, although Rauls signed the form, he failed to initial one or more boxes indicating his understanding of, and agreement with, the explanations of the constitutional right to self-representation, the dangers and advantages of self-representation and the charges and consequences. Rauls also made handwritten comments on the form. Next to the uninitialed boxes, Rauls wrote that the accompanying explanations of the right to self-representation and of the necessity to act as his own lawyer, without the assistance of a professional attorney, were "inconsistent" with the Sixth Amendment, *Faretta* and *McKaskle v. Wiggins* (1984) 465 U.S. 168, 179 [104 S. Ct. 944,79 L.Ed.2d 122]. Immediately above his signature, Rauls wrote, "This is not a waiver of the right to have the assistance of counsel during pretrial & trial proceedings."

---

[1] Statutory references are to the Penal Code.

[2] At our request Raul's appellate counsel determined no reporter's transcripts had been prepared for the July 6, 2012 hearing.

2

When the trial court inquired about the uninitialed boxes, Rauls replied that those particular explanations were inconsistent with *Faretta*, which, according to Rauls, does not preclude a defendant who elects self-representation from also receiving the assistance of counsel. The court advised Rauls it could only appoint standby counsel for a self-represented defendant. After further discussion, the court denied "without prejudice" the *Faretta* motion, finding Rauls had failed to satisfy the court he understood his constitutional right to, as well as the dangers of, self-representation. Over Rauls's objection, the court appointed the public defender's office to represent Rauls, entered a plea of not guilty on Rauls's behalf and set a preliminary hearing date.

2. *Preliminary Hearing* (*August 24, 2012*)

By the preliminary hearing on August 24, 2012 Rauls was representing himself.[3] He waived his constitutional right not to testify following the People's presentation of evidence and denied committing auto burglary. At the conclusion of the hearing, the magistrate denied Rauls's motion to dismiss and held him to answer. The magistrate did not advise Rauls he had a right to counsel or secure from Rauls a waiver of that right.

3. *Arraignment on the Information* (*September 7, 2012*)

The People charged Rauls in an information with one count of second degree burglary. The information specially alleged Rauls had suffered four prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had previously served two separate prison terms for felonies (§ 667.5, subd. (b)).

At his arraignment on September 7, 2012 Rauls pleaded not guilty and denied the special allegations. The trial court advised Rauls of his right to be represented by an attorney, which Rauls waived. The court appointed standby counsel. When questioned by Rauls, the court explained to him the role of standby counsel, stressing that standby

---

[3] Rauls asserts in his supplemental brief that he completed the *Faretta* waiver on August 3, 2012. There is no reporter's transcript of that hearing or a copy of the form in the record on appeal.

3

counsel does not serve as cocounsel to a self-represented defendant.  With that understanding, Rauls confirmed he still wanted to represent himself.  Rauls retained his self-represented status throughout the proceedings in this case.

    4. *Motion To Set Aside the Information and Other Pretrial Motions*

    On September 28, 2012 Rauls moved to set aside the information (§ 995), arguing the magistrate's failure to readvise him of his right to counsel at the preliminary hearing violated his Sixth Amendment and statutory rights to counsel.  The trial court heard and denied the motion on October 19, 2012.  Rauls's oral motion for assistance from standby counsel was heard and denied on November 8, 2012.[4]  On January 9, 2013 the People filed an amended information adding a third prior prison term allegation.

    5. *Verdict, Pre-sentencing Motions and Sentencing*

    On March 8, 2013 the jury found Rauls guilty of second degree burglary.  Rauls waived his right to a jury and elected to have a bench trial on the prior conviction allegations.  Following the bench trial, the court found true one prior strike and one prior prison term allegation.

    The court heard and denied Rauls's motions for a new trial and to dismiss his prior strike conviction (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497; § 1385) and his petition for a writ of habeas corpus.

    The court sentenced Rauls to an aggregate state prison term of five years, consisting of four years (the middle term of two years doubled under the three strikes law) for second degree burglary, plus one year for the prior prison term enhancement.  The court awarded Rauls presentence custody credit of 562 days and imposed statutory fees, fines and assessments.

## DISCUSSION

    We appointed counsel to represent Rauls on appeal.  After examination of the record counsel filed an opening brief in which no issues were raised.  On December 24, 2013 we advised Rauls he had 30 days within which to personally submit any contentions

---

[4]     There is no transcript of the November 8, 2012 hearing in the record on appeal.

4

or issues he wished us to consider.  We granted Rauls several extensions of time and a request to augment the record on appeal.  On April 1, 2014 we received a hand-printed, 19-page supplemental brief plus exhibits in which Rauls challenged his conviction on a number of grounds.

To the extent they can be understood, Rauls's claims are that he was denied his rights to represent himself and to be arraigned before a neutral magistrate on July 6, 2012, to represent himself after refusing to complete the *Faretta* waiver on July 20, 2012, and to meaningful self-representation on November 8, 2012, when the trial court denied his motion to be assisted by standby counsel.  Rauls also maintains the trial court acted in excess of its jurisdiction on October 19, 2012 by denying his motion to set aside the information.

1. *July 6, 2012 Arraignment on the Felony Complaint*

Rauls asserts in his supplemental brief a minute order attached as an exhibit indicating he did not appear at the July 6, 2012 arraignment does not reflect what actually occurred.  According to Raul, he did appear in court on that date, and his due process right to arraignment before a neutral magistrate and his Sixth Amendment right to self-representation were violated.  In making these claims, Rauls relies on information outside the record, specifically statements purportedly made by the magistrate and counsel during and after the hearing.  We cannot consider such matters on a direct appeal.  (See *People v. Szeto* (1981) 29 Cal.3d 20, 35 ["[m]atters not presented by the record cannot, of course, be considered on the suggestion of counsel in briefs or in affidavits attached thereto"].)

2. *July 20, 2012 Arraignment on the Felony Complaint*

Rauls contends he was improperly denied his right to self-representation on July 20, 2012 solely because he refused to initial all the boxes on the *Faretta* waiver form at the arraignment hearing.  However, the record reflects Rauls did not unequivocally waive his right to counsel and invoke his right to self-representation at the hearing, as required by *Faretta* and cases that follow it.  (See *Faretta, supra*, 422 U.S. at p. 835; *People v. Valdez* (2004) 32 Cal.4th 73, 97-98.)  Indeed, from his written comments on the

5

*Faretta* waiver and his oral explanation of those comments to the court, it is clear Rauls mistakenly believed he was entitled to the assistance of counsel while representing himself and thus did not understand or accept the dangers of self-representation. No *Faretta* error occurred.

      3. *October 19, 2012 Hearing on Motion To Set Aside the Information*

      As discussed, in his motion to set aside the information Rauls claimed the magistrate deprived him of his Sixth Amendment and statutory rights by failing to readvise him of his right to counsel at the preliminary hearing. Rauls now contends the trial court acted in excess of its jurisdiction in denying his motion to set aside the information.

      The Sixth Amendment does not compel the trial court to readvise a defendant of the right to counsel at each hearing or each stage of the same criminal proceeding. Although Rauls failed to complete the *Faretta* waiver at his July 20, 2012 arraignment on the felony complaint, he did initial the box accompanying the explanation of his constitutional right to counsel, indicating he understood and agreed with it.[5] The court was not constitutionally obligated to readvise Rauls at the preliminary hearing. (See *People v. Crayton* (2002) 28 Cal.4th 346, 362-363 [failure of trial court to readvise defendant who was clearly and fully admonished of the risks involved in representing himself was not error "of federal constitutional magnitude"].)

      As for a statutory obligation, Rauls was properly advised of his right to counsel at his arraignment on the felony complaint (§ 859) and readvised at his arraignment on the information (§ 987). No more is required by California law. (See *People v. Crayton, supra*, 28 Cal.4th at p. 360 [governing statutes require that defendant be advised of the right to counsel when the defendant is brought before a magistrate and advised of the filing of the complaint and, after the preliminary examination, when the defendant is

---

[5]     The *Faretta* waiver provided, "A. Right to an Attorney – I understand that I have an absolute right to be represented by an attorney at all stages of the proceedings and, if I do not have the money to pay for an attorney, that one will be appointed for me by the Court at no cost."

arraigned in superior court on the information].)  The trial court properly denied Rauls's motion to set aside the information.

4.  *November 8, 2012 Hearing on Motion for Assistance from Standby Counsel*

Rauls's argument the trial court deprived him of his right to meaningful self-representation by denying his oral motion for limited assistance from standby counsel is fatally flawed.  Rauls had no constitutional right to the appointment of standby counsel. (*McKaskle v. Wiggins, supra,* 465 U.S. at pp. 183-184; *People v. Clark* (1992) 3 Cal.4th 41, 111, see also *People v. Bloom* (1989) 48 Cal.3d 1194, 1218.)

We have examined the entire record and are satisfied Rauls's counsel has complied fully with his responsibilities and no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


                                        PERLUSS, P. J.


We concur:



WOODS, J.                        SEGAL, J.[*]


---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.